# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CRIMINAL CASE NO. 3:08cr14

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| RAUL DIAZ MARTINEZ. | ) | |

**THIS MATTER** is before the Court *sua sponte* to continue the case.

On January 23, 2008, the Defendant was charged in a bill of indictment with obtaining entry to the United States by a willfully false or misleading representation or the willful concealment of a material fact, in violation of 8 U.S.C. § 1325(a). The Defendant's first appearance following the filing of the indictment was on February 4, 2008 at which time he appeared through counsel. His case was placed on the February 11, 2008 calendar for trial.

"Unless the defendant consents in writing to the contrary, the trial shall not commence less than thirty days from the date on which the defendant first appears through counsel or expressly waives counsel and elects to proceed pro se." 18 U.S.C. §3161(c)(2). The Defendant here

has not so consented and thus, his trial may not start less than thirty days from his appearance with counsel.

In addition, the Court finds that counsel would not have an adequate opportunity to prepare for trial, taking into account the exercise of due diligence. The Court therefore finds that a failure to grant the continuance "would unreasonably deny the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. §3161(h)(8)(B)(iv).

For the reasons stated herein, the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. §3161(h)(8)(A).

**IT IS, THEREFORE, ORDERED** that the above-captioned case is **CONTINUED** from the February 11, 2008 term in the Charlotte Division.

Signed: February 6, 2008

Martin Reidinger
United States District Judge