# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CRIMINAL CASE NO. 3:08cr14

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| RAUL DIAZ MARTINEZ. | ) | |

**THIS MATTER** is before the Court on the Motion to Be Admitted *Pro Hac Vice* filed by attorney Matthew J. Kappel.

Mr. Kappel, who is an attorney licensed to practice law in the State of South Carolina, moves the Court to admitted *pro hac vice* in order to represent the Defendant in this matter. For grounds, Mr. Kappel states that he was admitted to the South Carolina bar approximately ten years ago, and that he is admitted to both the United States District Court for the State of South Carolina and the United States Court of Appeals for the Fourth Circuit. Mr. Kappel further states that his law license is in good standing, that there have been no complaints filed against him, and that he was admitted *pro hac vice* in a different case approximately four years ago in this District. Additionally, Mr. Kappel states that he is familiar with the

electronic filing system used by this District and has reviewed the filings in this particular matter. Mr. Kappel states that he is fluent in Spanish and does not have any difficulty communicating with the Defendant.

The Defendant is currently represented by appointed counsel. The Defendant has signed a retainer agreement with Mr. Kappel in the event that Mr. Kappel is admitted to practice before this Court.

The Sixth Amendment to the United States Constitution guarantees the right of each defendant to be represented by an otherwise qualified attorney whom that defendant can afford to hire or who is otherwise willing to represent the defendant. The Court makes every effort to protect the defendant's right to counsel, and to that end, a defendant who does not wish to represent himself may request that counsel be appointed, or he may hire an attorney. If the defendant chooses to hire counsel who is not a member of the Bar of the Western District of North Carolina, Local Criminal Rule 44.1 requires that counsel also meet at least one of the following criteria:

(a) is a member in good standing of the Bar of the Eastern District or Middle District of North Carolina;

(b) is a member in good standing of any state, district, or territorial Bar of the United States <u>and</u> is appearing with a member in good standing of the Bar of this Court, who

> moves on behalf of such out-of-state attorney admission *pro hac vice*, which motion is granted; or
>
> (c) is a member in good standing of any state, district, or territorial Bar, and moves for and is granted "special admission" upon a showing of good and adequate cause.

L.Cr.R. 44.1(B)(4). As Mr. Kappel is neither admitted to a Bar in North Carolina and does not seek to appear along with a member in good standing of the Bar of this Court, his motion for admission appears to fall within the purview of L.Cr.R. 44.1(B)(4)(c).

"Special admission," that is, admission without the association of local counsel, "shall not be granted absent a showing of good cause." Id. Additionally, because the right to counsel includes the right to *effective* assistance of counsel, a request for special admission also requires an "averment of familiarity with North Carolina trial practices as well as the Local Rules." Id. Mr. Kappel has not demonstrated good and adequate cause for his admission without association of local counsel, nor has he averred that he is familiar with North Carolina trial practices or the Rules of this Court.

**IT IS, THEREFORE, ORDERED** that the Motion to Be Admitted Pro Hac Vice is **DEFERRED** until such time as counsel makes the required showing of both good cause and familiarity with North Carolina trial

practices and the Local Rules as required by Local Criminal Rule 44.1(B)(4)(c).  Until such showing is made, the Defendant shall continue to be represented by appointed counsel.  Counsel is allowed through February 27, 2008, to make the supplemental filing called for herein.  Failing that, the motion will be denied.

    **IT IS SO ORDERED**.

Signed: February 20, 2008

Martin Reidinger
United States District Judge